**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Robert and Margaret Shepardson, et al.<br><br>Plaintiff,<br><br>v.<br><br>American Family Life Assurance Company of Columbus; American Family Life Assurance Company of New York; and Aflac Group (collectively "Aflac")<br><br>Defendants. | Case No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants American Family Life Assurance Company of Columbus ("Aflac") and American Family Life Assurance Company of New York ("Aflac NY"),[1] by and through counsel, respectfully notify this Court of the removal of the above-styled cause from the Commonwealth of Massachusetts Superior Court, Worcester County to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§1331, 1367, 1441, and 29 U.S.C. §1132, In support thereof, Defendant states as follows:

### I. BACKGROUND

1. On or about April 13, 2020, Plaintiffs Robert and Margaret Shepardson ("Plaintiff") initiated suit in the Commonwealth of Massachusetts Superior Court, Worcester County, captioned *Robert and Margaret Shepardson, et al. v. American Family Life Assurance Company of Columbus; American Family Life Assurance Company of New York; and Aflac Group.,* Case No. 2085CV00409 (the "State Court Action").

---

[1] Aflac Group is not a legal entity capable of being sued.

2. On or about June 24, 2020, Plaintiffs filed a First Amended Complaint in the State Court Action.

3. On July 7, 2020, Aflac NY was served with Plaintiff's Complaint. Copies of Plaintiff's Complaint, the summons, and other related court documents are attached hereto as **Exhibit A**, which represent all of the pleadings received by or served upon Defendant in connection with the State Court Action.

4. As of the time of filing, Aflac has not yet been served. Aflac joins in removal of this action, without conceding that proper service has been effected. *See Novak v. Bank of New York Mellon Tr. Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) (holding service is not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends); *see also Sutler v. Redland Ins. Co.*, No. 12-10656-RWZ, 2012 WL 5240124, at *2 (D. Mass. Oct. 24, 2012).

5. Defendants are timely filing this Notice of Removal to the United States District Court for the District of Massachusetts, within 30 days of service of Aflac NY as required by 28 U.S.C. § 1446(b).

6. The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Commonwealth of Massachusetts Superior Court, Worcester County, where this suit was originally filed. Accordingly, the present lawsuit may be removed to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## II.   REMOVAL

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship between the parties and because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists Between Plaintiff and Defendants.

8. Complete diversity exists between Plaintiffs and Defendants because they are citizens of different states or a foreign state. See 28 U.S.C. § 1332(a)(1).

9. Plaintiffs state that they reside in Worcester County, Massachusetts. (First Am. Compl. at ¶ 1). Upon information and belief, Plaintiffs were citizens of the State of Massachusetts at the time of commencement of this action and at all times since. *See id.*

10. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A corporation's principal place of business is deemed to be the particular location from which its "officers direct, control, and coordinate the corporation's activities." *See Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016).

11. Aflac NY is an insurance company with a U.S. principal place of business in New York at the time of commencement of this action and at all times since. Aflac NY's command center is located in New York, making it a citizen of New York. Aflac NY is also incorporated in New York.

12. Aflac is an insurance company with a U.S. principal place of business in Georgia at the time of commencement of this action and at all times since. Aflac's command center is located in Georgia, making it a citizen of Georgia. Aflac is incorporated in Nebraska, making it a citizen of Nebraska as well.

13. Aflac Group is not a legal entity and thus has no citizenship.

14. Therefore, complete diversity exists under 28 U.S.C. § 1332, because Plaintiff is a citizen of the State of Massachusetts, Aflac NY is a citizen of the State of New York, and Aflac is a citizen of Georgia. *See Nickerson-Malpher v. Wells Fargo Bank, N.A.*, No. C.A. 10-1033-JLT, 2010 WL 3069950, at *3 (D. Mass. Aug. 3, 2010) (holding the citizenship of each plaintiff must be shown to be diverse from that of each defendant). This was true at the time the Complaint was filed and remains true at the time this notice is filed.

### B. The Amount in Controversy Exceeds $75,000.

15. Removal is also proper because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

16. Without admitting the facts alleged in the Amended Complaint, and solely for the purpose of establishing the amount in controversy, Defendants incorporates by reference, as if they were fully set forth herein, Plaintiff's allegations in Paragraphs 1-66 of the Amended Complaint.

17. Plaintiffs assert a claim for breach of contract and allege they are entitled to damages for unpaid medical costs exceeding $100,000. (First Am. Compl. at ¶ 27).

18. Plaintiffs further claim they are entitled to additional damages due to prolonged financial distress from the unreimbursed costs of treatment, pain and suffering, loss of Mr. Shepardson's enjoyment of life, and Mrs. Shepardson's loss of consortium. (First Am. Compl. at ¶ 27). Plaintiffs also refer to out of pocket expenses. (First Am. Compl. at ¶ 28).

19. Plaintiffs also claim they are entitled to damages for pain, suffering, financial damage, and extreme emotional distress. (First Am. Compl. at ¶¶ 38-39).

20. Plaintiffs further seek damages pursuant to Chapter 93A and 176D for unfair or deceptive claims handling, bad faith refusal to acknowledge a mandatory duty under the Cancer Policy, and unfair or deceptive settlement practices (First Am. Compl. at ¶¶ 64-65).

21. Plaintiffs also claim they are entitled to double or treble damages and attorney's fees, due to purported violations of Chapter 93A and 176D. (First Am. Compl. at ¶ 66.

22. After accounting for Plaintiffs' claims for $100,000 in unpaid medical costs; damages from pain and suffering and loss of consortium; treble damages for violations of 93A/176D; and attorney's fees, the amount in controversy indisputably exceeds $75,000.

23. The facts of the case establish, by a preponderance of the evidence, that complete diversity exists and that the amount in controversy exceeds $75,000. This was true at the time the Complaint was filed in this matter and through amendment, and remains true at the time this notice of removal is filed.

24. Accordingly, this matter is properly removed to the United States District Court for the District of Massachusetts under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

25. Upon filing this Notice of Removal with the Clerk of the United States District Court for the District of Massachusetts, Defendants are giving written notice hereof to Plaintiff and also is filing a copy of this Notice of Removal with the Commonwealth of Massachusetts Superior Court, Worcester County.

WHEREFORE, notice is given that this action is removed from the Commonwealth of Massachusetts Superior Court, Worcester County to United States District Court for the District of Massachusetts. Defendants respectfully requests that this Court enter such further Orders and grant such further relief as may be necessary to secure the removal of this action and prevent further proceedings in the state court, and grant such other relief as this Court deems appropriate.

Dated:  August 5, 2020

Respectfully submitted,

/s/  Byrne J. Decker
Byrne J. Decker,  BBO# 680598
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
byrne.decker@ogletree.com
Telephone:  207-387-2963
Facsimile:  207-387-2986

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2020, a true and correct copy of the foregoing document was filed with the Clerk of the Court, and mailed, postage prepaid, to the following attorney of record:

Lee M. Holland, Esq.
d/b/a The Investment Advocates
300 Baker Avenue, Suite 300
Concord, Massachusetts 01742
holland@theinvestmentadvocates.com
Tel: (978) 270-9311
Fax: (978) 776-2311

*Attorney for Plaintiffs*

                                              /s/  Byrne J. Decker
                                              Byrne J. Decker

43705730.1